The Honorable Jeff King State Representative, 12th District
1212 North Second Street Independence, Kansas 67301
Dear Representative King:
As state representative for the twelfth district, you inquire about the mandatory qualifications for the official county newspaper as set forth in K.S.A. 64-101(b). Specifically, you seek an interpretation of the requirement that the official newspaper is published in the county. You ask if there is any statutory guidance or case law that defines the phrase "is published in the county."[1]
You reference Attorney General Opinion No. 95-32 in which Attorney General Carla J. Stovall considered the same question for cities of the first class. General Stovall concluded that where a newspaper is published depends upon the facts surrounding its place of origin but that, generally, the place of publication is where the newspaper is first put into circulation or where the newspaper has its principal office.
Since Attorney General Opinion No. 95-32 was issued in 1995, the statute concerning the requirements for newspapers to be designated the official publication has been amended. In 1998, the statute was revised and the specific language you ask about was added to the requirements for the county newspaper. Prior to those amendments, there was no requirement that the official county newspaper be published in the same county.[2]
The intent of the 1998 amendments were twofold.[3] The primary purpose was to add a new section regarding school districts and its designation of a newspaper for official publications. The second was to provide consistency within the statute for cities of the first class, counties and school districts.
As the Kansas Press Association representative stated in her testimony, "the bill would require the governing body to designate a publication that serves that community. . . ."[4] When the legislature considered the new language, a requirement that the newspaper be printed in the jurisdiction was changed to retain the word "published."[5]
There is no statutory definition for the word "published" The Kansas appellate courts have not defined the term within the context of an official publication. Therefore, Attorney General Stovall relied upon two summaries of the law, the AmericanJurisprudence and Corpus Juris Secundum. We revisited those resources to determine if any substantive changes had occurred since 1995. Although each publication has been updated, the underlying principles remain. A summary from each publication is listed below.
 The place of publication of a newspaper designated or selected for the publication of official notices is the place where the paper is first put into circulation — that is, where it is first issued to be delivered or sent to its subscribers, or where it is entered in the post office as second class matter. Under this rule, it is immaterial where the printing is done. A newspaper may be considered published at the location where it has its principal offices and where its form and content is determined.[6]
 A newspaper may be considered published where it has its principal or main office, but a newspaper is not considered published where it has a branch office.[7]
As these principles are consistent with General Stovall's opinion, it appears that the place of publication is generally where the newspaper is first put into circulation or where the newspaper has its principal office.
Sincerely,
Steve Six Attorney General
Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 64.101(b)(4).
[2] See L. 1998, ch. 135 for the changes in language.
[3] Minutes, Senate Elections and Local Government Committee, February 18, 1998, testimony of Rhonda Humble, editor and publisher of the Gardner News representing the Kansas Press Association.
[4] Id.
[5] Minutes, House Committee on Governmental Organization Elections, March 18, 1998.
[6] 58 Am.Jur.2d Newspapers § 41 (2002).
[7] 58 C.J.S. Newspapers § 8 (2009). *Page 1